Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-08-00152-CV

**BITUMINOUS CASUALTY CORPORATION**,
Appellant

v.

**MCCARTHY BUILDING COMPANIES, INC.**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-00882
Honorable Martha Tanner, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:   Karen Angelini, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:   April 8, 2009

REVERSED AND REMANDED IN PART; REVERSED AND RENDERED IN PART

At issue in this appeal is whether a contract between a general contractor and a subcontractor required the subcontractor to name the general contractor as an additional insured on its commercial automobile policy. Because we hold that the contract did not require the general contractor to be named as an additional insured, we reverse and remand.

## BACKGROUND

Appellee McCarthy Building Companies, Inc. ("McCarthy") was the general contractor on a construction project for the Texas Department of Transportation and subcontracted part of the work to Pipelayers, Inc. McCarthy and Pipelayers entered into a contract that required Pipelayers to procure a commercial general liability policy and a commercial automobile liability policy. And, the contract required Pipelayers to name McCarthy as an additional insured on its commercial general liability policy. The parties dispute whether the contract also required Pipelayers to name McCarthy as an additional insured on its commercial automobile liability policy.

Pipelayers procured a commercial automobile liability policy from Appellant Bituminous Casualty Corporation ("Bituminous"). Under the language of the policy issued by Bituminous, McCarthy qualifies as an additional insured if it is an "organization for whom the insured has agreed by written contract to designate as an additional insured."

On November 12, 2003, an employee of Pipelayers was killed at the construction site when a dump truck owned by Pipelayers ran over him. The employee's family sued McCarthy in two different lawsuits. In response, McCarthy demanded Pipelayer's insurance company, Bituminous, defend and indemnify it in the two lawsuits. Bituminous refused to defend McCarthy because it claimed McCarthy was not named as an additional insured on Pipelayers's commercial automobile policy. McCarthy then filed suit against Bituminous to recover amounts paid to defend and settle claims in the two lawsuits filed by Pipelayers's employee's family. Both McCarthy and Bituminous then filed motions for summary judgment. In interpreting the contract between McCarthy and Pipelayers, the trial court found that, although "inartfully drawn," the contract "evidences the parties' intent that Pipelayers name McCarthy as an additional insured on all policies." Thus, the trial court

granted McCarthy's motion for summary judgment, holding that Bituminous had a duty to defend and indemnify McCarthy.

## DISCUSSION

To obtain a traditional summary judgment, a party moving for summary judgment must show that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see Randall's Fook Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). When both sides move for summary judgment on the same issue and the trial court grants one but denies the other, the denial is reviewable as a part of the appeal from the granted motion. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Basse Truck Line, Inc. v. First State Bank*, 949 S.W.2d 17, 22 (Tex. App.—San Antonio 1997, writ denied).

Further, the interpretation of an unambiguous contract is a question of law, reviewable under a de novo standard. *MCI Telecommunications Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 650-51 (Tex. 1999). A contract that "can be given a definite or certain legal meaning" is unambiguous as a matter of law. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). But, if the contract is "subject to two or more reasonable interpretations after applying the pertinent rules of construction, the contract is ambiguous, creating a fact issue on the parties' intent." *Id.*

The contract between McCarthy and Pipelayers provides the following:

**5.2.** Prior to starting Work, Subcontractor [Pipelayers] shall procure and maintain in force Comprehensive General Liability Insurance on an occurrence basis with contractual coverage and Automobile Liability Insurance . . . .

**5.2.2** McCarthy and the Owner [TxDOT] *shall be added as additional insureds*, together with any other entities required by the Contract Documents to be named as additional insureds, *under Subcontractor's Comprehensive General Liability Policy*, including Completed Operations Insurance, to insure them, and coverage under such Policy shall be primary with McCarthy's, the Owner's, and the others', as noted

above, insurance to be non-contributory and excess over Subcontractor's coverage.
. . .

**5.4** All policies required under this Agreement shall contain a provision that coverages afforded under the policies will not be cancelled or not renewed until at least thirty (30) days' prior written notice has been given to McCarthy. Certificates of Insurance and insurers shall be acceptable to McCarthy and shall name McCarthy, the Owner, and others, as noted in this Agreement, as additional insureds *as provided herein* [and] shall be filed with McCarthy prior to the commencement of Work and no payments will be made until the Certificates are received and approved by McCarthy.

(emphasis added).

The plain language of Article 5 of the contract between McCarthy and Pipelayers does not require Pipelayers to name McCarthy as an additional insured on its commercial automobile liability policy. Article 5.2 requires Pipelayers to procure and maintain comprehensive general liability insurance and commercial automobile liability insurance. Article 5.2.2 requires Pipelayers to name McCarthy and the Owner [TxDOT] as additional insureds on its comprehensive general liability insurance policy. Article 5.2.2, however, says nothing about Pipelayers's commercial automobile liability insurance policy. And, Article 5.4 states that (1) all policies required under the contract must contain a provision requiring notice of cancellation or renewal to McCarthy, (2) certificates of insurance and insurers must be acceptable to McCarthy, and (3) the certificates of insurance and insurers must name McCarthy as an additional insured *as provided herein.* "As provided herein" refers to Article 5.2.2's requirement that Pipelayers name McCarthy as an additional insured on its comprehensive general liability insurance policy. Thus, the plain language of Article 5 does not require Pipelayers to name McCarthy as an additional insured on its commercial automobile liability

insurance policy. Therefore, McCarthy does not qualify as an additional insured under the automobile liability insurance policy issued by Bituminous.[1]

### CONCLUSION

We reverse the judgment of the trial court and render judgment that Bituminous owes no duty of defense or indemnity to McCarthy. However, because Bituminous seeks attorneys' fees, we remand the cause to the trial court for proceedings consistent with this opinion.

Karen Angelini, Justice

---

[1] Having determined that Pipelayers was not contractually required to name McCarthy as an additional insured, we need not reach Bituminous's second issue.